G. C. HUSTON, Appellant, v. Q. O. & K. C. R. CO.,
Respondent.

**Kansas City Court of Appeals, November 7, 1910.**

1. **DAMAGES:** Excessive Verdict: New Trial. A verdict
   for five thousand dollars, reduced to a judgment for three
   thousand dollars by remittitur for two thousand dollars en-
   tered by plaintiff before the hearing on a motion for new trial,
   for injuries sustained by the loss of the use of three fingers
   of the left hand of a laborer thirty-five years old, is not so·
   excessive as to warrant a new trial, in the absence of any
   finding that the verdict was the result of passion or pre-
   judice.

2. **EVIDENCE:** New Trial: Proximate Cause. Where the plain-
   tiff's evidence, if accorded every reasonable inference, showed
   that the proximate cause of his injury was the negligence of
   defendant in operating a pile-driver with defective brake-
   shoes, defendant's motion for a new trial on the ground that
   this issue was improperly submitted to the jury, was erro-
   neously sustained.

Appeal from Daviess Circuit Court.—*Hon. F. G.
Trimble*, Judge.

REVERSED AND REMANDED *(with directions).*

*Platt Hubbell* and *George Hubbell* for appellant.

*Dudley & Selby, Hall & Hall* and *J. G. Trimble* for
respondent.

JOHNSON, J.—This case was before us on a for-
mer appeal taken by defendant and was reversed and
remanded (129 Mo. App. 576). A second trial resulted
in a verdict for plaintiff for five thousand dollars. Im-
mediately after motions for a new trial and in arrest
of judgment were filed, plaintiff in open court remitted
five hundred dollars, and on the hearing of the motions,
entered another remittitur of fifteen hundred dollars.
The court, however, sustained the motion for a new
trial on the grounds of "error in submitting first count

in the petition to the jury and in overruling defendant's demurrer thereto and in giving plaintiff's instruction number 1, and because the verdict of the jury was excessive.''

We refer to our former opinion for a statement of the facts of the case. We there held the evidence of plaintiff entitled him to go to the jury on two issues of negligence, viz., *first,* the premature giving of a signal to lower the hammer, and, *second,* the negligent failure to repair or replace worn and defective brake shoes. At the second trial, both of these issues were submitted to the jury in appropriate instructions, but in granting a new trial, the court held that the evidence did not warrant the submission of the question of negligence in failing to replace or repair the brake shoes. This conclusion and the finding that the verdict was excessive are the sole grounds on which a new trial was granted.

First, we shall dispose of the last mentioned of these grounds. It will be observed there is no finding that the verdict was the result of passion or prejudice on the part of the jury or of any improper motive. The mere fact that it was excessive does not indicate that the jury were prejudiced or were guided by considerations other than a conscientious effort to perform their duty. And if the final remittitur entered by plaintiff reduced the verdict to proper proportions, a new trial should not have been allowed on the second ground. At the time of his injury plaintiff was thirty-five years old, in good health, and made his way by the work of his hands. Aside from the thumb and index finger, the digits of his left hand are injured in a way partially to incapacitate him for life. The middle finger is permanently stiffened, the remaining two fingers were amputated at the second joint from the end. The injury was as serious as that considered by the St. Louis Court of Appeals in Saller v. Shoe Co., 130 Mo. App. 712, where a verdict of three thousand dollars

was considered not excessive. Taking into account plaintiff's occupation and expectancy of life, we do not think three thousand dollars would be an excessive judgment for a maimed and partly disabled hand.

Passing to the first ground of the order granting a new trial, we find that the learned trial judge fell into the manifest error of looking at the salient facts of the case from the viewpoint of the evidence of defendant, instead of according to plaintiff every reasonable inference presented by his evidence. The evidence of defendant strongly tends to show not only that the injury was not caused by defective brake shoes, but also that the signal to lower the hammer was given before plaintiff climbed up to the deck and, therefore, could not have been negligently given. On the other hand, the evidence of plaintiff tends to show that he jumped to the deck, saw that he could not move the pile with his hands, called for a crowbar, squatted to reach it, put his left hand on the top of the pile *before the hammer started to descend,* and while it was at rest six or eight feet above the top of the pile, and that the hammer then started and suddenly dropped, as it would drop without any support. These facts, if believed (and plaintiff is entitled to have them considered and accepted) would constitute evidence supporting the proposition that the proximate cause of the dropping of the hammer was the failure of the brake to hold the load, and, since the evidence of plaintiff further shows that the brake shoes were so worn they would not come into proper relation with their opposing surfaces and that this condition was known or should have been known to defendant had proper care been observed, the conclusion not only is reasonable, but is irresistible, that negligence of defendant in operating the driver with defective brake shoes was the proximate cause of the injury.

The case was properly tried and submitted' and the court erred in granting a new trial.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff, on the verdict and remittitur, for three thousand dollars. All concur.